UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANGEL DUCHITANGA, et al.,                      REPORT AND
                  Plaintiffs,           RECOMMENDATION
         - against -
THE 43 AVE. TOP N' QUALITY                     17-CV-1145 (LDH) (JO)
CORPORATION, et al.,
                  Defendants.
----------------------------------------------------------X

James Orenstein, Magistrate Judge:

For the reasons set forth below, I respectfully recommend that the court dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 4(m), 41(b).

I.    <u>Background</u>

On February 28, 2017, plaintiffs Angel Duchitanga, Francisco Martinez, Luis Juncal, Estela Perez, and Edwin Bustillo filed a class action Complaint against ten defendants[1] for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").[2] *See* Docket Entry ("DE") 1 (Complaint); *see also* 29 U.S.C. § 201, *et seq.*; NYLL §§ 190, 650, *et seq.* The plaintiffs struggled to effect proper service on all the defendants. *See* Clerk's Entry dated October 18, 2017 (denying request for certificate of default as to Sun Cleaners, Jae Hee Sim, and Sang Hu Kim); DE 12 (minute entry granting the plaintiffs one more time to serve Sun Cleaners). After correcting proof of service, and with no defendants appearing, the plaintiffs moved on February 12, 2018 for default judgment against six of the ten defendants. *See* DE 13; DE 14; DE 15; DE 16 (Motion for Default Judgment). Because of deficiencies in the pleadings, however, the plaintiffs agreed to withdraw this motion and file an amended complaint, instead. *See* DE 20.

---

[1] The 43 Ave Top N' Quality Corporation, Sang Hun Kim, "John" Pack, "John" Jong, Sunny Cleaners Inc., Sun Cleaners Inc., Jae Hee Sim, Charlie "Doe", Thomas "Doe", and YSB Cleaners Inc. *See* Complaint.
[2] The Complaint also alleged violations of the New York Human Rights Law ("NYHRL"), and the New York City Human Rights Law ("NYCHRL"). *See id.*; *see also* N.Y. Exec. L. 296 (1)(a); N.Y.C.A.C. 8-107(1)(a).

On August 2, 2018, the plaintiffs filed an Amended Complaint against five defendants[3] for violations of the FLSA and NYLL. *See* DE 22. No defendants appeared, again, and on November, 19, 2018, the plaintiffs moved for default judgment against four defendants. *See* DE 35. At a status conference on August 28, 2019, however, I noted that sufficient proof of service as to the defendants still appeared to be lacking. *See* DE 40. I also discussed with the plaintiffs' counsel my concerns that the Amended Complaint failed to cure deficiencies as to both liability and damages, and included what appeared to be internal contradictions of fact. *See id.* The plaintiffs agreed for a second time to withdraw their motion for default judgment and file a second amended complaint, instead. *See id.*

On September 27, 2019, the plaintiffs filed a Second Amended Complaint against the same five defendants named in the former Amended Complaint for violations of the FLSA and NYLL. *See* DE 41. This time, however, no proof of service was filed as to any defendants. On October 30, 2019, I entered the following order:

> A review of the docket entries in this case indicates that the plaintiffs filed a Second Amended Complaint on September 27, 2019, and to date have not filed proof of service as required on any defendant. *See* Fed. R. Civ. P. 4(l), (m). No later than November 20, 2019, the plaintiffs must either file proof of service on the docket or file a motion requesting an extension of the time to effect service for good cause. *See* Fed. R. Civ. P. 4(m). Failure to comply will result in a recommendation that the case be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 4(m), 41 (b).

Rather than taking any steps outlined in this order, the plaintiffs, instead, filed a motion for leave to amend the complaint for a third time. *See* DE 42. However, on November 20, 2019, "[i]n the absence of a proposed amended pleading," I denied this motion without prejudice to renewal. Order dated November 21, 2019. I further noted that:

> I had ordered the plaintiffs either to file proof of service or a motion to extend the time for service by November 20, 2019, and they have done neither of those things. Moreover, it

---

[3] The 43 Ave Top N' Quality Corporation, Sunny Cleaners Inc., Sang Hun Kim, Jae Hee Sim, and Charlie "Doe".

2

> appears the plaintiffs acknowledge they will never be able to serve the defendants named in the Second Amended Complaint. I therefore respectfully direct the plaintiffs to show cause in writing no later than November 26, 2019, why I should not recommend that the court dismiss the instant case for failure to prosecute. To the extent the plaintiffs may at some point seek to assert a new claim in a new lawsuit against the proposed new defendants, they will be free to do so to the extent that, after reasonable inquiry into the facts, they discover information not currently in their possession that would allow a good faith allegation that those new entities bear successor liability for the acts of the defendants named in earlier pleadings in this case. *See* Fed. R. Civ. P. 11(b).

*Id.*

The November 26, 2019 deadline to show cause passed without any activity from the plaintiffs. As of this date, although two new counsel have appeared for the plaintiffs, the plaintiffs still have not taken any further action to prosecute their case. *See* DE 43; DE 44.

II. Discussion

A district court has the inherent power to manage its own affairs to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, a district court may dismiss an action, in the exercise of its sound discretion, "[i]f the plaintiff fails to prosecute or to comply with … a court order[.]" Fed. R. Civ. P. 41(b); *see also Lewis*, 564 F.3d at 575 (noting that the standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted), a court considering such an action should examine the following five factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate the court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys. Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.* In weighing the five factors, the court must consider the record of the entire case as a whole. *Id.* A court may find the standard for dismissal satisfied where it finds "a pattern of

3

dilatory tactics" or "an action lying dormant with no significant activity to move it[.]" *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissing this case for want to prosecute. First, the plaintiffs have exhibited "a pattern of dilatory conduct." Not only have they allowed their claims to lie "dormant with no significant activity" for over five months since filing their second amended complaint, but there also appears to be a pattern of the plaintiffs' failure to effectively serve defendants, and move this action, since it was first initiated more than three years ago. *See* Clerk's Entry dated October 18, 2017; DE 12; DE 40; Order dated October 30, 2019; DE 42; Order dated November 21, 2019. Now, moreover, the plaintiffs appear to acknowledge that they will never be able to effectively serve on the named defendants the Second Amended Complaint. *See* DE 42; Order dated November 21, 2019. Second, the plaintiffs' inaction has continued in the face two warnings that such inaction could result in the dismissal of their claims. *See* Order dated October 30, 2019; Order dated November 21, 2019. Third, applicable case law establishes a presumption that a plaintiffs' unreasonable delay will normally prejudice the defendant. *See, e.g., Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Fourth, because of the plaintiffs' inaction, their claims against the defendants are at a standstill and their right to an opportunity for a day in court has been thoroughly vindicated, regardless of whether they have taken full advantage of that opportunity. Finally, no lesser sanction than dismissal is likely to be effective in light of the plaintiffs' failure to respond to the orders directing them to take action on pain of possible dismissal.

III.    Recommendation

For the reasons set forth above, I respectfully recommend that the court dismiss this case for failure to prosecute.

IV.     Objections

Any objections to this Report and Recommendation are due by March 24, 2020. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
       March 10, 2020

                                                          /s/
                                                     James Orenstein
                                                     U.S. Magistrate Judge

5