UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANGEL DUCHITANGA, FRANCISCO MARTINEZ, LUIS JUNCAL, ESTELA PEREZ, and EDWIN BUSTILLO, on behalf of themselves and others similarly situated,

                              Plaintiff,

v.

THE 43 AVE TOP N' QUALITY CORPORATION D/B/A TOP & QUALITY CLEANERS, SUNNY CLEANERS INC. D/B/A TOP & QUALITY CLEANERS, SANG HUN KIM, JAE HEE SIM, and CHARLIE "DOE" (last name unknown),

                              Defendant.

**MEMORANDUM AND ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION**

17-cv-01145 (LDH) (SMG)

---

LaSHANN DeARCY HALL, United States District Judge:

**BACKGROUND**

On March 10, 2020, Magistrate Judge Orenstein filed a sua sponte report and recommendation ("R&R"), recommending the Court dismiss this action for failure to prosecute. (R&R, ECF No. 46.) Plaintiffs partially object. (Pls.' Obj. R&R ("Pls.' Obj."), ECF No. 47.)

**STANDARD OF REVIEW**

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a *de novo* review of those portions of a report and recommendation to which a party submits a timely objection. 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, 'the district court need only satisfy itself that there is no clear error on the face of the

1

record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

Magistrate Judge Orenstein recounted the procedural history in this case, which the Court will not reproduce in full. (R&R 1-3.) Relevant here, on September 27, 2019, Plaintiffs filed a second amended complaint against the same five defendants named in the amended complaint for violations of the FLSA and NYLL. (ECF No. 41.) On October 30, 2019, Magistrate Judge Orenstein ordered:

> A review of the docket entries in this case indicates that the plaintiffs filed a Second Amended Complaint on September 27, 2019, and to date have not filed proof of service as required on any defendant. *See* Fed. R. Civ. P. 4(l), (m). No later than November 20, 2019, the plaintiffs must either file proof of service on the docket or file a motion requesting an extension of the time to effect service for good cause. *See* Fed. R. Civ. P. 4(m). Failure to comply will result in a recommendation that the case be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 4(m), 41 (b).

In response to this order, on November 20, 2019, Plaintiffs filed a motion for leave to amend the complaint for a third time to add another corporate defendant. (ECF No. 42.) On November 21, 2019, Magistrate Judge Orenstein denied the request for leave to amend without prejudice to renew as Plaintiffs failed to attach the proposed amending pleading. (Nov. 21. 2019 Order.) Magistrate Judge Orenstein further stated:

> I had ordered the plaintiffs either to file proof of service or a motion to extend the time for service by November 20, 2019, and they have done neither of those things. Moreover, it appears the plaintiffs acknowledge they will never be able to serve the defendants named in the Second Amended Complaint. I therefore respectfully direct the plaintiffs to show cause in writing no later than November 26, 2019, why I should not recommend that the court dismiss the instant case for failure to prosecute.

(Nov. 21. 2019 Order.)  Plaintiffs failed to respond to the order to show cause by November 26, 2019.  On March 10, 2019, Magistrate Judge Orenstein issued a sua sponte R&R recommending dismissal for failure to serve and failure to prosecute.  (R&R 3-4.)

Plaintiffs first argue that Magistrate Judge Orenstein erred in finding that they did not file executed service of the second amended complaint on the two named corporate defendants as ordered by Magistrate Judge Orenstein.  (Pls.' Obj. 3.)  Plaintiffs are correct.  Attached to their motion for leave to file a third amended complaint were affidavits of service of the second amended complaint on The 43 Ave Top N' Quality Corporation and Sunny Cleaners Inc.  (ECF 42-1 at 6-7.)

Next, Plaintiffs acknowledge their failure to comply with Magistrate Judge Orenstein's November 21, 2019 order.  (Pls.' Obj. 6.)  Plaintiffs press that because the November 21, 2019 order was issued as a denial of their motion to amend the complaint, Magistrate Judge Orenstein's warning to them regarding potential sanctions for failure to respond was somehow unclear.  (Pls.' Obj. 7.)  Plaintiffs argument is belied by the plain text of Magistrate Judge Orenstein's short order.  Within a five-sentence order, Magistrate Judge Orenstein warned, "I therefore respectfully direct the plaintiffs to show cause in writing no later than November 26, 2019, why I should not recommend that the court dismiss the instant case for failure to prosecute."  (Nov. 21, 2019 Order.)  Plaintiffs' cited caselaw for why this warning was insufficient dealt with a similar warning that was provided to a pro se litigant, and is therefore inapposite.  *See Baptiste v. Sommers*, 768 F.3d 212, 218 (2d Cir. 2014) (finding that pro se plaintiff could not be expected to understand what "cause" or "failure to prosecute" meant and subsequent order directed to the plaintiff's new counsel was "unlear").

3

Nevertheless, here, when Magistrate Judge Orenstein issued the November 21, 2019 order, he was operating under the false belief that Plaintiffs had failed to file executed service as ordered on October 30, 2019. Therefore, Plaintiffs' subsequent failure to comply with the November 21, 2019 order supported a finding of "a pattern of dilatory conduct," justifying dismissal for failure to prosecute. (R&R 4 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)). However, as Magistrate Judge Orenstein rightly noted, dismissal under Federal Rule of Civil Procedure 41(b) is a "harsh remedy" that should be used only in "extreme circumstances." *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009). As the failure to respond to the order to show cause was in fact the first instance of non-compliance with a court order, the Court cannot find a pattern of dilatory conduct necessary to justify such a harsh remedy.

## CONCLUSION

For the foregoing reasons, Magistrate Judge Orenstein's R&R dismissing this action is adopted in part and rejected in part. The case may proceed against The 43 Ave Top N' Quality Corporation d/b/a Top & Quality Cleaners, and Sunny Cleaners Inc. d/b/a Top & Quality Cleaners. Plaintiffs do not object to dismissal of this action against the remaining defendants for failure to serve under Federal Rule of Civil Procedure 4(m). (Pls.' Obj. 9.) Accordingly, Plaintiffs' claims against Sang Hun Kim, Jae Hee Sim, and Charlie "Doe" are dismissed without prejudice. Fed. R. Civ. P. 4(m). Plaintiffs shall file a request for a certificate of default within 7 days of this memorandum and order. Once a certificate of default is issued, any motion for default judgment shall be made within 14 days. Future failures to comply with Court orders absent good cause shown will result in dismissal of this case.

                                    SO ORDERED.

                                    /s/ LDH
                                  LaSHANN DeARCY HALL
                                  United States District Judge

Dated: Brooklyn, New York
        February 25, 2021